a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| FARD A. R. DICKERSON, Plaintiff | CIVIL ACTION NO. 1:17-CV-1282-P |
| VERSUS | JUDGE DEE D. DRELL |
| JOHN BEL EDWARDS, ET AL., Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed by pro se Plaintiff Fard A. R. Dickerson (#602702) ("Dickerson"). Dickerson was granted leave to proceed *in forma pauperis*. (Doc. 12). Dickerson is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana. Dickerson complains his confinement is unlawful.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I. Background

Dickerson was convicted of one count of attempted simple burglary. See State v. Dickerson, 2013-0209 (La. App. 4 Cir. 4/2/14), writ denied, 2014-0908 (La. 11/4/14), 152 So. 3d 875. The State of Louisiana filed a multiple offender bill, to which Dickerson pleaded guilty. Dickerson was sentenced to twelve years of imprisonment. See id. Dickerson's conviction and sentence were affirmed on appeal. See id.

Dickerson sought post-conviction relief, which was denied. State ex rel. Dickerson v. State, 2016-1076 (La. 9/29/17), 227 So. 3d 259.

Dickerson filed a petition for writ of habeas corpus, which was denied. See Dickerson v. Cain, No. CV 14-1247, 2016 WL 687634, at *1 (E.D. La. Feb. 19, 2016). Certificate of appealability was denied by the appellate court. See Dickerson v. McCain, No. 16-30211, 2017 WL 6029095 (5th Cir. Apr. 6, 2017).

Dickerson claims his conviction is invalid because he was forced to plead guilty to the multiple offender bill. (Doc. 1, p. 1). Dickerson maintains his conviction is unlawful, despite relief being denied by the state and federal courts. Dickerson seeks monetary damages for his allegedly unconstitutional conviction and confinement.

II.   Law and Analysis

    A.   Dickerson's complaint is subject to screening under under §§ 1915(e)(2) and 1915A.

Dickerson is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Dickerson's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Dickerson's complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

B.    Dickerson's claims are barred by Heck v. Humphrey.

Dickerson seeks monetary damages for his allegedly unlawful conviction and the resulting imprisonment. An award of damages would undermine the validity of Dickerson's conviction and sentence. In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 486–87 (1994).

Dickerson's conviction was affirmed on direct review and collateral review. State ex rel. Dickerson v. State, 2016-1076 (La. 9/29/17), 227 So. 3d 259. Dickerson's habeas petition has been denied. Dickerson v. McCain, No. 16-30211, 2017 WL 6029095 (5th Cir. Apr. 6, 2017). Thus, it is evident that Dickerson's conviction has not been invalidated, reversed, or called into question by the issuance of a writ of habeas corpus. Accordingly, Dickerson's § 1983 claim is barred by Heck. Claims barred by Heck are legally frivolous. See Hamilton v. Lyons, 74 F.3d 99, 102-03 (5th Cir. 1996).

III. <u>Conclusion</u>

For the forgoing reasons, **IT IS RECOMMENDED** that Dickerson's complaint be **DENIED** and **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __22nd__ day of December, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge